IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| C.J. GIDEON, JR. and CECILE GIDEON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> J. THOMAS MYERS, II and ) <br> KATHERINE S. MYERS, ) <br> ) <br> Defendants. ) | Case No. 3:17-cv-00851 <br> Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by the Plaintiffs, C.J. and Cecile Gideon. Docket No. 15. The Gideons have also filed a Statement of Undisputed Material Facts and a Supporting Memorandum of Law. Docket Nos. 15-1, 15-2. The Defendants, J. Thomas and Katherine S. Myers, have filed a Response. Docket No. 16.

In this contract dispute, Plaintiffs allege that they loaned $150,000.00 to Defendants in July 2016, and that Defendants failed to repay the balance of the principal plus interest as required by the Note associated with the loan, despite Plaintiffs granting an extension of the original maturity date from February 1, 2017 to April 24, 2017. Docket No. 15-2, p. 1. Defendants maintain that the Parties subsequently entered into a superseding agreement that nullifies the original Note, and thus a genuine dispute exists as to a material fact, rendering summary judgment inappropriate. Docket No. 16, p. 2.

## II. Law and Analysis

### A. Motions for Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party bringing the motion has the burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute of material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to allow the nonmoving party's claims to survive summary judgment; rather, the nonmoving party must convince the Court that there is sufficient evidence for a juror to return a verdict in its favor. *Id.*

Generally, the Court should liberally construe pro se pleadings, holding them to less stringent standards than those drafted by lawyers. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted) (addressing the issue of pro se complaints). Nevertheless, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

### B. Local Rules 56.01(c) and (g)

With respect to motions for summary judgment, Local Rules 56.01(c) and (g) state, in relevant part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record . . . .
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Defendants have failed to respond to Plaintiffs' Statement of Undisputed Material Facts or to file their own Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Defendants' failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact, and all that remains to be determined is whether Plaintiffs are entitled to a judgment as a matter of law.

C. **Undisputed Facts**[1]

    1. The Defendant Katherine S. Myers signed the original Note dated July 28, 2016.

    2. The Defendant J. Thomas Myers, II signed the original Note dated July 28, 2016.

    3. The Defendants Katherine S. Myers and J. Thomas Myers, II have not made any payments on or after June 9, 2017.

    4. The Defendants Katherine S. Myers and J. Thomas Myers, II owe the Plaintiffs $75,000.00 plus interest at a rate of 9.0% from and after June 9, 2017.

    5. The Plaintiffs were not required to grant a third extension beyond the April 24, 2017 extension date.

    6. The Defendants Katherine S. Myers and J. Thomas Myers, II have not repaid the Plaintiffs the principal sum of $75,000.00 and interest due from and after June 9, 2017.

Docket No. 15-1, p. 1-2.

D. **Applicable Law**

    Federal courts generally apply the substantive law of the forum state to actions brought pursuant to diversity jurisdiction. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938). When interpreting a contract in a diversity action, however, the court generally enforces the parties' contractual choice of law. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596, 111 S. Ct. 1522 (1991). The contract at issue in this matter contains a choice of law provision stating: "[t]his Note is delivered in the State of Ohio and is to be governed by and construed in accordance with the laws of the State of Ohio." Docket No. 1, p. 5. As neither party appears to dispute that the contract is governed by Ohio law, the Court will apply Ohio law to this contractual dispute.

---

[1] Unless otherwise noted, these facts were submitted in a form required by Rule 56 and are undisputed.

### E. **Plaintiffs' Breach of Contract Claim**

Plaintiffs' claim is straightforward and is quoted in its entirety below (excepting statements of jurisdiction).

> That on July 28, 2016 Defendants executed a promissory note payable to the order of Plaintiffs in the principal amount of $150,000.00 plus interest as specified in the promissory note. A copy of the promissory note is attached hereto as Exhibit 1 and will be referred to hereinafter as the "Note."
>
> That Plaintiffs allege that all payments under the Note were to be made to Plaintiffs in Nashville. Plaintiffs do further allege there has been a default under the terms and conditions of the Note, that the Plaintiffs have made demand upon Defendants to honor and pay the Note, which demand has gone unremedied and that Defendants are justly indebted to Plaintiffs in the principal amount of $75,000.00 plus interest as provided for under the terms of the Note.

Docket No. 1, p. 1-2.

Plaintiffs' Motion for Summary Judgment relies on the Promissory Note, and asks the Court to enforce its terms. Docket No. 15-2.

Article IV of the Note[2] addresses the possibility of default and states and follows:

> Upon the failure by Makers to make any payment of principal or interest or any combination thereof on this Note when due, the entire unpaid balance of principal and interest evidenced by this Note, together with all sums of money advanced by Payees in accordance with this Note, and all sums due and owing for any charges hereunder . . . shall thereupon bear interest at the Default Rate of Interest, and all the Indebtedness together with interest . . . shall immediately become due and payable without demand made therefor and without notice to any person, notice of the exercise of said option being hereby expressly waived, and Payees shall have all remedies of a secured party under law and equity to enforce the payment of all of the Indebtedness . . . .

Docket No. 1, p. 4.

---

[2] Following the convention of both Parties, the Court will refer to the contract at issue as "the Note."

To establish a breach of contract claim under Ohio law, a plaintiff must prove, by a preponderance of the evidence, "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Jarupan v. Hanna*, 878 N.E. 2d 66, 73 (Ohio Ct. App. 2007), *quoting Powell v. Grant Med. Ctr.*, 771 N.E. 2d 874, 881 (Ohio 2002); *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008). A party breaches a contract if he or she fails to perform according to the terms of the contract or acts in a manner that is contrary to its provisions. *See Jarupan*, 878 N.E. 2d at 73.

Defendants do not dispute the existence of a contract or performance by the Plaintiffs. Rather, Defendants respond that:

> The Note in question was modified by written agreement (copy of which was supplied by the Defendants in their Answer to the Complaint) effectively nullifying the terms of the original Note and in fact superseding it. It is this superseding agreement, not the original [N]ote that prevails. Plaintiffs accepted payments from the Defendants under the superseding agreement thereby acknowledging the validity of that agreement.

Docket No. 16, p. 2.

Defendants further respond that Defendant J. Thomas Myers, II, has not been deposed and has not made any admissions via discovery, and that any discovery responses have come from Defendant Katherine S. Myers alone.[3] Defendants also state that they "wish the opportunity to depose Plaintiffs" and suggest that such a deposition might lead to additional facts essential to opposing the instant Motion for Summary Judgment. *Id.* at 3.

The Parties agree that there was a subsequent agreement related to the Note. Defendants refer to this as a "superseding agreement" and argue that it nullifies the Note. Docket No. 16, p. 2. Plaintiffs characterize it as an "extension" that was offered to Defendants under the original

---

[3] Defendant J. Thomas Myers, II has not answered the Complaint. Plaintiffs state that there is a Motion for Default judgment pending before the Court; however, no such Motion has been filed.

terms of the Note. Docket No. 15-1, p. 2; Docket No. 15-2, p. 4-6. Defendants have attached a document, signed by Defendants and dated January 14, 2017, that purports to memorialize the understanding between the Parties and states as follows:

> <u>Where as:</u>
>
> 1. Payors currently owe Payees the principal sum of $150,000.00 and
>
> 2. Payors currently owe Payees 5% interest on the principal sum. [a]nd
>
> 3. Payees are willing to provide Payors an accommodation related to the Promisory Note between the Payors and the Payees dated July 28, 2016.
>
> <u>It is Agreed that:</u>
>
> 1. Payment of interest due as previously calculated, $3,780.81, will be paid on February 1, 2017. This payment, and required future payments, will be made per wiring directions provided by the Payee in an email dated January 11, 2017.
>
> 2. Repayment of ½ the principal amount due, $75,000.00, plus accrued interest due will be paid on February 28, 2017.
>
> 3. Repayment of the remaining principal amount due, $75,000.00, plus accrued interest due will be paid on April 1, 2017.

Docket No. 5, p. 5.

As the document itself makes clear, it matters not whether it is considered a new agreement or an extension of the original Note; or even that the document has not been signed by Plaintiffs, as the terms do not affect the Plaintiffs' claims or instant Motion for Summary Judgment. Plaintiffs agree that they granted Defendants additional time to pay the remaining half of the original principal amount, and are not attempting to enforce payment of the original principal amount of $150,000.00 or a demand date of February 1, 2017, as provided for by the original Note. Docket No. 1, p. 3; Docket No. 15-2. It is undisputed that Defendants owe

Plaintiffs $75,000.00 plus interest at a rate of 9.0% from and after June 9, 2017. Docket No. 15-1, p. 2. It is further undisputed that Defendants have not paid that sum. *Id.* Defendants have not offered any evidence to support the contention that they should not have to pay this debt, and the "superseding agreement" to which they refer only substantiates Plaintiffs' claims. The Court therefore finds that Defendants are in breach of the contract established with Plaintiffs.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiffs' "Motion for Summary Judgment" (Docket No. 15) be GRANTED and that Plaintiffs' be awarded the amount of $78,843.75, plus per diem interest accrued since January 1, 2018, and the costs of collection, including reasonable attorney's fees, accruing on or after June 9, 2017.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge